### Gray *against* Thornber.

Delivering a *ca. sa.* to the sheriff is good cause against a supersedeas under the statute, (1 R. L. 353, s. 12 ;) but 'if it appear to have been returned *non est inventus*, a supersedeas will be granted, unless it be followed up by an alias.

The court may, under special circumstances, give time to issue an alias.

THE defendant having been surrendered, in discharge of his bail, to the sheriff of NewYork, on the 29th of October ; on the 7th March, the Recorder of New-York made an order upon the plaintiff, to show cause on the 11th, why a supersedeas should not issue upon the statute, (1 R. L. 353, s. 12.)

On showing cause it appeared that a *ca. sa.* had been delivered to the sheriff, on the 4th of March, returnable that day ; but the defendant was not actually arrested upon it ; and the sheriff returned it *non est inventus ;* though the defendant had continued in his custody on the limits, after the surrender, and was so in his custody when he returned the *ca. sa.*

The Recorder refused to make an order which should be absolute for a supersedeas, until the 21st of March ; to the end that the opinion of the Supreme Court might be taken in the case.

*S. M. Hopkins*, moved to set aside the order of the Recorder. He said it was a sufficient answer to the application for a supersedeas, that the defendant had been charged in execution at the time of showing cause. (Coleman's Cas. 42. 1 Caines' Rep. 67.) It is enough that an execution is delivered to the sheriff. (*Minturn* v. *Phelps*, 3 John. 446.) It is not the fault of the plaintiff, if a sheriff will not arrest a man in his custody. In *Minturn* v. *Phelps*, putting a *ca. sa.* in the post office, directed to the sheriff, was held sufficient.

*J. E. Lovett,* contra, relied on the case of *Tracy* v. *Whipple,* (8 John. Rep. 379, 382,) as in point against the motion.

*Curia.* *Tracy* v. *Whipple* is decisive that the mere delivery of a *ca. sa.* to the sheriff, against a person on the limits, is not *per se et eo instanti,* an arrest, so as to charge the sheriff for an escape; but is that material to the present question? The plaintiff has made an ineffectual attempt to charge the defendant. The execution was returned *non est;* and he might have issued an alias *ca. sa.* on the 11th. That would have been good cause, under the authorities cited for the motion. He did not do so; but seems to rely on the sheriff's liability. In *Minturn* v. *Phelps,* (3 John. 446,) had it been shown to the court that the *ca. sa.* had miscarried, or had not been executed, or not received by the sheriff, till after the return day, is there a doubt that a *supersedeas* would have followed?

We think the recorder decided correctly.

*Hopkins,* said there had been a misapprehension of the practice on the part of the plaintiff's attorney; and moved for a stay of proceedings until he should be able to communicate with him; so that he might yet charge the defendant in execution. He said that in a case so circumstanced, this might be done, as he was confident he could show upon authority, if time should be allowed.

As to this,

*Cur adv vult.*

Time was afterwards allowed accordingly.